ORDER
Consistent with its ongoing efforts to improve the capital postconviction process and eliminate unnecessary delay, the Court hereby proposes the attached amendments to Florida Rules of Criminal Procedure 3.851, 3.852, and 3.993 in light of the continuing exemptions to public records production contained in sections 119.07(3)(b) and (3)(1), Florida Statutes (1999). The Court’s original proposed amendment to rule 3.851 is modified to extend the time for filing an initial motion for postconviction relief until one year after the judgment and sentence of death become final. The original proposed amendment to rule 3.852 is altered to: (1) require records that are exempt from production under section 119.07(3)(b) or (3)Q) to be delivered to the clerk of court in a separate container, the outside of which must specifically identify the sections under which the records are exempt, and (2) provide for the unsealing and the forwarding of those records to the records repository within thirty days after the filing of the notice of mandate on direct appeal by the Attorney General. The original proposed amendment to rule 3.993 is modified consistent with the above changes.
Interested persons are invited to comment on these modifications as well as the original proposed amendments to the rules. The Court also seeks alternative proposals designed to address how procedures can be appropriately and effectively amended taking into consideration the continuing existence of the subject exemptions. An original and seven copies of all comments and proposals must be filed with the Clerk of Court on or before June 1, 2000.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
APPENDIX
[current rule 3.851 deleted; the following language added]
Rule 3.851. Collateral Relief After Death Sentence Has Been Imposed And Affirmed On Direct Appeal
(a) Scope and Purpose.
*513 This rule shall apply to all motions and petitions for any type of postconviction or collateral relief brought by defendants in state custody who have been sentenced to death and whose conviction and death sentence have been affirmed on direct appeal. A defendant under sentence of death imposed by a court established by the laws of Florida claiming the right to be released on the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or laws of the United States or of the State of Florida, that the court was without jurisdiction to enter the judgment or to impose the sentence, that any plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack may move, in the court that entered the judgment or imposed the sentence, to vacate, set aside, or correct the judgment or sentence. The purpose of this rule is to provide the means by which a defendant under sentence of death can raise claims of error which were unavailable at the time of trial or direct appeal. Unless otherwise provided herein, a defendant who had postconviction counsel appointed prior to the effective date of this rule shall proceed in accordance with the rules in effect at the time counsel was appointed.
(b) Appointment of Postconviction Counsel.
(1) Within 15 days after sentencing a defendant to death, the sentencing court shall issue an order appointing the appropriate office of the Capital Collateral Regional Counsel.
(2) In cases in which the death sentence has been imposed prior to the effective date of this rule but postconviction counsel has not been appointed, the chief judge of the circuit court in which the defendant was sentenced shall appoint the appropriate office of the Capital Collateral Regional Counsel by 30 days after the effective date of this rule.
(3) Within 30 days from the appointment, the Capital Collateral Regional Counsel shall file a notice of appearance in the trial court or a motion to withdraw based on a conflict of interest or some other legal ground.
(4) Within 15 days after the Capital Collateral Regional Counsel files a motion to withdraw, the chief judge or assigned judge shall appoint new postconviction counsel.
(c) Preliminary Procedures.
(1) Judicial Assignment. Upon appointment of postconviction counsel, the chief judge shall assign the case to the judge who presided over the defendant’s capital trial if that judge is active and otherwise available to serve or a trial judge qualified to conduct capital proceedings under the Rules of Judicial Administration.
(2) Status Conferences. The assigned judge shall conduct a status hearing not later than 90 days after the assignment, and shall hold status conferences at least every 90 days thereafter until the eviden-tiary hearing has been completed or the motion has been ruled on without a hearing. The attorneys may appear by telephone at such status conferences, with leave of the trial court. Such requests shall be liberally granted. Pending motions, except those requiring the presence of the defendant, and disputes involving public records, shall be heard at the status conferences, unless otherwise ordered by the court.
(3) Trial Record. The clerk of the trial court shall serve copies of the trial record on postconviction counsel, the state attorney, and the attorney general at the time the clerk serves copies of the record pursuant to rule 9.140(e)(4).
(4) Duties of Defense Counsel and Prosecuting Attorney. Within 15 days of appointment of postconviction counsel, the defendant’s trial counsel shall provide to postconviction counsel all information pertaining to the defendant’s capital case which was obtained during the representa *514 tion of the defendant. Postconviction counsel shall maintain the confidentiality of all confidential information received. Within 15 days of appointment of postcon-viction counsel, the state attorney’s office that prosecuted the defendant shall provide to postconviction counsel copies of all pretrial and trial discovery and all contents of the state’s file, except for information that the prosecuting attorney has a legal right under state or federal law to withhold from disclosure.
(5) Defendant’s Presence Not Required. The defendant’s presence shall not be required except at the evidentiary hearing on the merits of any claim and at any hearing involving conflict with or removal of collateral counsel.
(d) Time Limitations.
(1)Initial Postconviction Motions. A motion filed under this rule is an initial postconviction motion if no court has previously ruled on a postconviction motion challenging the same judgment and sentence.
(A)Time for Filing. An initial motion to vacate judgment of conviction and sentence of death shall be filed by a defendant who is sentenced to death on or after the effective date of this rale within 1 year after the judgment and sentence become final. A defendant who was sentenced to death and did not have postconviction counsel appointed before the effective date of this rule shall file an initial postconviction motion within 1 year after the judgment and sentence become final or one year of the appointment of postconviction counsel under subdivision (b)(2), whichever occurs last. An initial motion shall not be filed or considered beyond the time limitation of this subdivision unless an extension has been granted by the trial judge or the motion alleges that:
(i)the facts on which the claim is predicated were unknown to the defendant or the defendant’s attorney and could not have been ascertained by the exercise of due diligence;
(ii) the fundamental constitutional right asserted was not established within the period provided for by this rule and has been held to apply retroactively; or
(iii) the defendant retained counsel to timely file a 3.851 motion and counsel, through neglect, failed to file the motion.
(B) Finality. For the purposes of this rule, a judgment is final when the Florida Supreme Court issues a mandate affirming the judgment and sentence of death on direct appeal. The availability of or the filing of a petition for writ of certiorari in the United States Supreme Court shall not affect the finality of the judgment and sentence. However, if the United States Supreme Court accepts certiorari, then the judgment and sentence is final upon disposition of the petition for writ of certiorari by the United States Supreme Court.
(C) Extensions. An extension of time to file an initial postconviction motion may be granted by the circuit court only upon a showing that a manifest injustice would result absent such relief and that counsel’s inability to timely file the motion is not the result of lack of cooperation by the defendant or lack of due diligence on the part of counsel.
(2) Extraordinary Remedies. Any petition for habeas corpus claiming ineffective assistance of appellate counsel shall be filed in the Supreme Court of Florida simultaneously with the initial brief filed on behalf of the death-sentenced defendant in the appeal of the circuit court’s order on the initial motion for postconviction relief filed under this rule.
(3) The time limitations in this subdivision are established with the understanding that each defendant sentenced to death will have counsel appointed and available to begin addressing the defendant’s post-conviction issues within the time periods provided in subdivision (b) of this rule.
*515 (e) Contents of Motion.
A motion filed under this rule shall not exceed 50 pages exclusive of attachments, including the judgment and sentence and exhibits. The motion shall be under oath and shall include:
(1) the judgment and sentence under attack and the court which rendered the same;
(2) a statement of each issue raised on appeal and the disposition thereof;
(3) if a previous postconviction motion has been filed, the disposition of all previous claims raised in postconviction litigation and the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions;
(4) the nature of the relief sought;
(5) a detailed allegation of the factual basis for any claim for which an evidentia-ry hearing is sought; and
(6) a detailed allegation as to the basis for any purely legal or constitutional claim for which an evidentiary hearing is not required and the reason that this claim could not have been or was not raised on direct appeal.
The motion shall be accompanied by a separate memorandum of law not to exceed 25 pages as to the applicable case law supporting the granting of relief as to each separately-pled claim. As to claims that were raised on appeal or should have or could have been raised on appeal, the memorandum shall contain a brief statement as to why these claims are being raised on postconviction relief.
(f) Procedure; Evidentiary Hearing; Disposition.
(1)Filing and Service. All pleadings in the postconviction proceeding shall be filed with the clerk of the court and served on the assigned judge, opposing party and the attorney general. Upon the filing of any original court paper in the postconviction proceeding, the clerk of the court shall determine that the assigned judge has received a copy. All motions other than the postconviction motion itself shall be accompanied by a notice of hearing.
(2) Duty of Clerk. Upon the filing of a motion for postconviction relief, the clerk of court shall immediately forward the motion and file to the assigned judge.
(3) Answer. Within 45 days of the filing of an initial motion, the state shall file its answer. The answer shall not exceed 50 pages exclusive of attachments and exhibits. The answer shall address the legal insufficiency of any claim in the motion, respond to the allegations of the motion and address any procedural bars. As to any claims of legal insufficiency or procedural bar, the state shall include a short statement of any applicable case law.
(4) Amendments. An initial motion filed under this rule may be amended up to 30 days prior to the evidentiary hearing upon motion and good cause shown. The trial court may in its discretion grant a motion to amend provided that the motion sets forth the reason the claim was not set forth earlier and attaches a copy of the claim sought to be added. Granting a motion under this subdivision shall not be a basis for granting a continuance of the evidentiary hearing unless a manifest injustice would occur if a continuance was not granted. If amendment is allowed, the state shall file an amended answer within 20 days after the amended motion is filed.
(5) Case Management Conference. Within 30 days after the state files its answer to an initial motion, the trial court shall hold a case management conference. At the case management conference, both parties shall disclose all documentary exhibits they intend to offer at the evidentia-ry hearing; provide an exhibit list that includes all such exhibits; and exchange a witness list with the names and addresses of any potential witnesses. All expert witnesses shall be so designated with copies of all expert reports attached. The trial court also shall:
(A) review the witness and exhibit lists with the parties;
*516 (B) schedule an evidentiary hearing, to be held within 90 days, on claims listed by the defendant as requiring a factual determination; and
(C) hear argument on any purely legal claims not based on disputed facts.
(6) Amendment of Witness or Exhibit Lists. Prior to the evidentiary hearing, the trial court may grant leave of either party to amend the exhibit or witness list upon a showing of good cause.
(7) Mental Health Expert. If the defendant intends to offer expert testimony of his or her mental status, the state shall be entitled to have the defendant examined by its own mental health expert. If the defendant fails to cooperate with the state’s expert the court may, in its discretion, proceed as provided in rule 3.202(e). Reports provided by any expert witness shall be disclosed to opposing counsel upon receipt.
(8) Transcript and Final Order. Immediately following the evidentiary hearing, the court shall order a transcript of the hearing which shall be filed within 30 days. Within 30 days of receipt of the transcript, the court shall render its order, ruling on each claim considered at the evidentiary hearing and all other claims raised in the motion making detailed findings of fact and conclusions of law with respect to each claim, and attaching or referencing such portions of the record as are necessary to allow for meaningful appellate review. The order issued after the evidentiary hearing shall resolve all the claims raised in the motion and shall be considered the final order for purposes of appeal. The clerk of the court shall promptly serve upon all parties a copy of the final order, with a certificate of service.
(9) Rehearing. No motion for rehearing shall be permitted.
(g) Successive Motions. This subdivision applies to all successive postconviction motions filed after the effective date of this rule. A motion filed under this rule is successive if a court has previously ruled on a postconviction motion challenging the same judgment and sentence. Successive motions pending on (the effective date) are governed by the rules in effect prior to that date.
(1) Contents of Motion. A successive motion shall not exceed 25 pages, exclusive of attachments, and shall include all of the pleading requirements of an initial motion and, if based upon newly discovered evidence, Brady, or Giglio, also contain the following:
(A) the names, addresses and telephone numbers of all witnesses supporting the claim together with any affidavits obtained by defendant from such witnesses;
(B) a statement that the witness will be available to testify under oath to the facts alleged in the motion or affidavit;
(C) if evidentiary support is in the form of documents, copies of all documents shall be attached; and
(D) as to any witness or document listed in the motion or attachment to the motion, a statement of the reason why the witness or document was not previously available.
(2) Answer. Within 10 days of the filing of a successive motion, the state shall file its answer. The answer shall not exceed 25 pages exclusive of attachments and exhibits. The answer shall specifically respond to each claim in the motion and state the reason(s) that an evidentiary hearing is or is not required.
(h) Appeals.
An appeal may be taken to the Supreme Court of Florida within 30 days from the entry of a final order on a motion for postconviction relief.
[deletions indicated by struck-through type; new language is underscored]
Rule 3.852 Capital Postconviction Public Records Production
(a) Applicability and Scope.
(1) This rule is applicable only to the production of public records for capital *517 postconviction defendants and does not change or alter the time periods specified in Florida Rules of Criminal Procedure 3.850 and -3.851. Furthermore, this rule does not affect, expand, or limit the production of public records for any purposes other than use in a proceeding held pursuant to rule 3.850 or rule 3.851.
(2) This rule shall not be a basis for renewing requests that have been initiated previously or for relitigating issues pertaining to production of public records upon which a court has ruled prior to October lrl-998(effective date of rule).
(3) This rule is to be used in conjunction with the forms found at Florida Rule of Criminal Procedure 3.993.
(b)Definitions.
(1) “Public records” has the meaning set forth in section 119.011(1), Florida Statutes (199-7).
(2) “Trial court” means:
(A) the judge who imposed the sentence of death; or
(B) the judge assigned by the chief judge pursuant to rule 3.851.
(3) “Records repository” means the location designated by the secretary of state pursuant to section 119.19(2), Florida Statutes — (SuppT-1998), for archiving capital postconviction public records.
(4) “Collateral counsel” means a capital collateral regional counsel from one of the three regions in Florida; a private attorney who has been appointed to represent a capital defendant for postconviction litigation; or a private attorney who has been hired by the capital defendant or who has agreed to work pro bono for a capital defendant for postconviction litigation.
(5) “Agency” and “person” mean an entity or individual as defined in section 119.011(2), Florida Statutes (1-997), that is subject to the requirements of producing public records for inspection under section 119.07(l)(a), Florida Statutes-(1997).
(6)“Index” means a list of the public records included in each container of public records sent to the records repository, or to the clerk of court.
(c) Filing and Service.
(1) The original of all notices, requests, or objections filed under this rule must be filed with the clerk of the trial court. Copies must be served on the trial court, the attorney general, the state attorney, collateral counsel, and any affected person or agency, unless otherwise required by this rule.
(2) Service shall be made pursuant to Florida Rule of Criminal Procedure 3.030(b).
(3) In all instances requiring written notification or request, the party who has the obligation of providing a notification or request shall provide proof of receipt.
(4) Persons and agencies receiving post-conviction public records notifications or requests pursuant to this rule are not required to furnish records filed in a trial court prior to the receipt of the notice.
(d) Action Upon Issuance of — Man-datelmposition of Death Sentence.
(1) Within 15 days after receiving written notification of the Supreme Court of Floridans mandate affirming the sentence of death, the attorney.general shall- file with-fhe trial court a written notice of the mandate-and serve a copy-of it upon the state attorney — who prosecuted the case, the Department of Corrections, and the defendant’s trial ■ counsel- — The notice to the.state attorney shall direct the — state attorney to -submit public-records to the records repository within -90 days — after receipt-of written notification and-te-notify each ■law enforcement agency involved in the investigation-of the capital offense--to submit-public reaordsa sentence of death is imposed, the state attorney who prosecuted the case shall provide written notice to each law enforcement agency involved in the investigation of the capital case and the Department of Corrections. The notice shall direct the agencies and the de *518 partment to submit public records to the records repository or, if the records are confidential or exempt, the clerk of the court in the county in which the capital case was tried within @060 days after receipt of written notification the notice. If available, the notice shall include the defendant’s date of birth, sex, race, and police-case numbers included in the state attorney’s file. The notice to the Department of Corrections shall direct the department -to-submit public-records to the records repository within- 90 days after receipt of-written notification.
(2) Within @060 days after receiving written notification of issuance of the-Supreme Court of Florida^s-mandate affirming-a- death-sentence a sentence of death is imposed, the state attorney who prosecuted the case shall:
(A) copy, index, and deliver to the records repository, or if the records are confidential or exempt from disclosure, to the clerk of the court in the county in which the capital case was tried all public records that were produced in the state attorney’s investigation or prosecution of the case, and;
(B) provide written notification to the attorney general of compliance with subdivision (A), certifying that, to the best of the state attorney’s knowledge or belief, all public records in the state attorney’s possession have been copied, indexed, and delivered to the records repository, or if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried; and bear the costs of compliance with this subdivision;
(C) provide written notification to the attorney general of the name and address of any additional person or agency that has public recordsinformation pertinent to the case which has not previously been provided to collateral counsel.
(3) Within @060 days after receiving written notification-of issuance, of the--Supreme Court-of Florida’s-mandate affea-ing a death sentencea sentence of death is imposed, the defendant’s trial counsel shall provide written notification to the attorney general of the name and address of any additional person or agency with information pertinent to the case which has not previously been provided to collateral counsel.
(4)Within 15 days after receiving written notification of any additional person or agency pursuant to subdivision (d)(2) or (d)(3) of this rule, the attorney general shall notify all persons or agencies identified pursuant to subdivisions (d)(2) or (d)(3) that these persons or agencies are required fey-section-119.19(65)(b), Florida gtatutes-(Supp.l998),- to copy, index, and deliver to the records repository, or if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried all public records pertaining to the case that are in then-possession. TheEach person or agency shall bear the costs related to copying? indexing, and delivering the-recordsof its own compliance.
(e) Action Upon Receipt of Notice of Mandatelmposition of Death Sentence.
(1) Within 15 days after-receipt--of a written — notice of the mandate from the attorney-general, the-state attorney shall provide- written notification to each law enforcement agency involved-in-the-speeific case to submit public records — to—the records repository within 90 days after receipt-of written notification. — A copy-ef the notice shall be served upon-the-defendant’s trial counsel.
(2) Within 90 days — after receipt of a writtemaaotice of the mandate from the attorney general, the- state ■attorney-shall copy, index, and deliver — to the -records repository all public records that were produced in the state attorney’s-investigation or-prosecution of the case. The state- attorney shall bear the costs. — The state attor-ne-y-shall-also-provide written notification to the attorney general-of-compliance-with this section, including — certifying that, to the best of the state-attorney’s-knowledge *519 or belief, all public -records in the state attorney’s possession have been copied? indexed, and delivered-to the-records-repository as required by this rule.
(31) Within @060 days after receipt of written notification of the mandateimposition of sentence from the attorney gener-alstate attorney, the Department of Corrections shall copy, index, and deliver to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case' was tried all public records determined by the department to be relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851, unless such copying, indexing, and delivering would be unduly burdensome. The department shall bear the costs. The secretary of the department shall provide written notification to the attorney general of compliance with this seetionsubdivision, certifying that, to the best of the secretary of the department’s knowledge or belief, all such public records in the possession of the secretary of- the -department have been copied, indexed, and delivered to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried.
(42) Within @060 days after receipt of written notification of the naandateimposition of sentence from the state attorney, a law enforcement agency shall copy, index, and deliver to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried all public records which were produced in the investigation or prosecution of the case. Each agency shall bear the costs of its own compliance. The chief law enforcement officer of each law enforcement agency shall provide written notification to the attorney general of compliance with this seetionsubdivision, — including certifying that, to the best of the chief law enforcement officer’s knowledge or belief, all such public records in possession of the agency or in possession of any employee of the agency, have been copied, indexed, and delivered to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried.
(53) Within @@60 days after receipt of written notification-of the mandate from the attorney general pursuant to subdivision (d)(4) of this rule, each additional person or agency identified pursuant to subdivision (d)(2) or (d)(3) of this rule shall copy, index, and deliver to the records repository all public records which were produced during the prosecution ofpertain to the case, except those which have been previously provided to collateral counsel. TheEach person or agency shall bear the costs of its own compliance. The person or agency shall provide written notification to the attorney general of compliance with this subdivision and shall certify, to the best of the person or agency’s knowledge and belief, all such public records in the possession of the person or agency, except those which have been previously provided to collateral counsel, have been copied, indexed, and delivered to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried.
(f) Action Upon Issuance of Mandate. (1) Within 15 days after receiving written notification of the Supreme Court of Florida’s mandate affirming the sentence of death, the attorney general shall file with the trial court a written notice of the mandate and serve a copy of the notice on collateral counsel
(fg) Exempt or Confidential Public Records.
(1) Records Delivered to Clerk of Court. Any public records delivered to the records repository pursuantsubject to these rules that are confidential or exempt from the requirements of section 119.07(1), Florida Statutes, or article I, section 24(a), Florida Constitution, must be separately contained, without being redacted, and *520 sealed. The container must be delivered to the clerk of court in the county in which the capital case was tried. The outside of the container must clearly identify that the public record is confidential or exempt and that the seal may not be broken without an order of the trial court. The outside of the container must identify the nature of the public records and the legal basis for the exemption. Records that are exempt from public records production under section 119.07(3)(b) or (3)(l), Florida Statutes, must be delivered to the clerk of court in a separate container, the outside of which must specifically identify the section(s) under which the records are exempt.
(2) In Camera Inspection. Upon the entry of an appropriate court-order, sealed containers-subject to an-inspection by the trial cour-t-shall be shipped to the clerk of court-The containers may be opened only for inspection by the trial court in camera. ■The mowing party shall bear all costs associated with the transportation and inspection-of such records by — the trial court. The trial court shall perform the unsealing and inspection without ex parte communications and in accord -with procedures for reviewing sealed documents.
(3) After Mandate Issues on Direct Appeal. Within 30 days after the filing of the notice of mandate on direct appeal by the attorney general, the trial court shall issue an order unsealing all records that were identified as being exempt from public records production under sections 119.07(3)(b) or (3)(1), Florida Statutes, and the clerk of court shall forward the records to the records repository.
(gh) Upon Designation of Collateral CounselDemand for Additional Public Records.
(1)Within 90180 days after collateral counsel is appointed, retained, or appears pro bono receipt of written notification of the mandate from the attorney general, or at such later time as may be set by the trial court, suehcollateral counsel shaflmay send a written demand for additional public records to each person or agency submitting public records or identified as having information pertinent to the ease under subdivisions (d)(2) or (d)(3) of this rule. If the written demand includes requests for records associated with particular named individuals, the demand shall also include:
(A) a brief statement describing each named person’s role in the capital case and relationship to the defendant; and
(B) the race, sex, and date of birth of each named person, if collateral counsel has such information.
(2) Within 9060 days of receipt of the written demand, each person or agency notified under this subdivision shall deliver to the records repository or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried any additional public records in the possession of the person or agency that pertain to the case and shall certify to the best of the person or agency’s knowledge and belief that all additional public records have been delivered to the records repositoryT or, if the records are confidential or exempt, to the clerk of the court in the county in which the capital case was tried. If no additional public records are found, the person or agency shall recertify that the public records previously delivered are complete.
(3) Within 6925 days of receipt of the written demand, any person or agency may file with the trial court an objection to the written demand described in subdivision (gh)(l). The trial court shall hold a hearing and issue a ruling within 30 days after the fifing of any objection, ordering a person or agency to produce additional public records if the court determines each of the following exists:
(A) Collateral counsel has made a timely and diligent search as provided in this rule.
(B) Collateral counsel’s written demand identifies, with specificity, those additional *521 public records that are not at the records repository.
(C) The additional public records sought are relevant to the subject matter of a proceeding under rule 3.850 or rule-3.851, or appear reasonably calculated to lead to the discovery of admissible evidence.
(D) The additional public records request is not overly broad or unduly burdensome.
(hi) Cases in Which Mandate was Issued-Death Sentence was Imposed Prior to Effective Date of Rule.
(1) If the-mandate affirming- -a — defendant’s -conviction and sentence of--death was issued prior to October 1,1998,-and no initial public records ■ requests have-been made by collateral counsel by that^-date7 the- attorney general and the state-attorney shall file-notifications with the-trial court as-required by subdivisions-(d) and (e) of this rule-.In cases in which the death sentence has been imposed but collateral counsel has not been appointed, been retained, or appeared pro bono prior to [effective date of rule], the time periods for providing written notification pursuant to subdivisions (d)(1), (d)(2), and (d)(3)of this rule shall run from the date collateral counsel is appointed pursuant to rule 3.851, retained, or appears pro bono.
(2) If on October 1, 1998, a defendant is represented by collateral- counsel-and has initiated- the public records process, collateral counsel shall, within 90 days after October 1, -1998, -or within 90 days-after-the production of records which were requested-prior to October-1, 1998, whichever-is later, file with the- trial -court and-serve a written demand for any -additional public records that have not previously been the--subjects of a request ■ for-qpublic-records, — The request for these records shall be treated the same as a request pursuant to subdivisions (d)(3) and (d)(4) of this rule-, and- the records shall be copied, indexed, and-delivered to the repository as required in-subdivision -(e)(5) of this rulo.-In cases in which the death sentence has been imposed and collateral counsel has been appointed, been retained, or appeared pro bono prior to [effective date of rule], public records production shall be governed by the rules in effect prior to that date.
(3) (j) After Death Warrant Signed.
(1) Within 10 days of the signing of a defendant’s death warrant, collateral counsel may request in writing the production of public records from a person or agency from which collateral counsel previously requested public records. A person or agency shall copy, index," and deliver to the repository any public record:
(A) that was not previously the subject of an objection;
(B) that was received or produced since the previous request; or
(C) that was, for any reason, not produced previously.
The person or agency providing the records shall bear the costs of copying, indexing, and delivering such records. If none of these circumstances exist, the person or agency shall file with the trial court and serve on the parties an affidavit stating that no other records exist and that all public records have been produced previously. A person or agency shall comply with this subdivision within 10 days from the date of the written request or such shorter time period as is ordered by the court.
(4)(k) Proof of Receipt of Notice. In all instances in subdivision (h) which require written notification, the receiving party shall provide proof of receipt by return mail or other carrier.
(U) Limitation on Postproduction Request for Additional Records.
(1) In order to obtain public records in addition to those provided under subdivisions (e), (f)¡-(g), (h), ©, and (h) (¿) of this rule, collateral counsel shall file an affidavit in the trial court which:
*522 (A) attests that collateral counsel has made a timely and diligent search of the records repository; and
(B) identifies with specificity those public records not at the records repository; and
(C) establishes that the additional public records are either relevant to the subject matter of the postconviction proceeding or are reasonably calculated to lead to the discovery of admissible evidence; and
(D) shall be served in accord with subdivision (c)(1) of this rule.
(2)Within 3015 days after the affidavit of collateral counsel is filed, the trial court shall order a person or agency to produce additional public records only upon finding each of the following:
(A) collateral counsel has made a timely and diligent search of the records repository;
(B) collateral counsel’s affidavit identifies with specificity those additional public records that are not at the records repository;
(C) the additional public records sought are either relevant to the subject matter of a proceeding under rule-3.850 or rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and
(D) the additional records request is not overly broad or unduly burdensome.
(jm) Copying of Public Records. Collateral counselThe Secretary of State shall provide the personnel, supplies, and any necessary equipment to copy records held at the records repository.
(kn) Authority of the Court. In proceedings under this rule the trial court may:
(1) compel or deny disclosure of records;
(2) conduct an in-camera inspection;
(3) extend the times in this rule upon a showing of good cause;
(4) impose sanctions upon any party, person, or agency affected by this rule including initiating contempt proceedings, taxing expenses, extending time, ordering facts to be established, and granting other relief; and
(5) resolve any dispute arising under this rule unless jurisdiction is in an appellate court.
(lo) Scope of Production and Resolution of Production Issues.
(1) Unless otherwise limited, the scope of production under any part of this rule shall be that the public records sought are not privileged or immune from production and are either relevant to the subject matter of the proceeding under rule 3.850 or rule 3.851 or are reasonably calculated to lead to the discovery of admissible evidence.
(2) Any objections orto production of public records under this rule shall be filed within 30 days of receipt of the notice or demand which is the subject of the objection, unless otherwise provided herein. Any motions to compel production of public records pursuant to this rule shall be filed within 30 days after the end of the production time period provided by this rule. Counsel for the party objecting or moving to compel shall file a copy of the objection or motion directly with the trial court. The trial court shall hold a hearing on the objection or motion on an expedited basis.
(3) The trial court may order mediation for any controversy as to public records production pursuant to this rule in accord with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, 1.730, or the trial court may refer any such controversy to a master in accord with Florida Rule of Civil Procedure 1.490.
(*»p) Destruction of Records Repository Records. Sixty days after a capital sentence is carried out, after a defendant is released from incarceration following the granting of a pardon or reversal of the sentence, or after a defendant has been *523 resentenced to a term of years, the attorney general shall provide written notification of this occurrence to the secretary of state with service in accord with subdivision (c)(1). After the expiration of the 60 days, the secretary of state may then destroy the copies of the records held by the records repository that pertain to that case, unless an objection to the destruction is filed in the trial court and served upon the secretary of state and in accord with subdivision (c)(1). If no objection has been served within the 60-day period, the records may then be destroyed. If an objection is served, the records shall not be destroyed until a final disposition of the objection.
[deletions are indicated by struck-through type; new language is underscored]
Rule 3.993. Forms Related to Capital Postconviction Records Production
(a) Notice to State Attorney of Affir-manee-of Death Penalty.
In the Circuit- Court of the_=
Judicial Circuit,-in and for.^
County, Flor-id-a
Case No. = ,.
Division
State-o-f-Florida7 Plaintiff, ■Defendant-
NOTICE TO STATE ATTORNEY OF AFFIRMANCE OF DEATH PENALTY
TO: - = [name of state attorney andcireaifc]
The Attorney General of the State of Florida, pursuant to-F-lorida- Rule of Criminal Procedure 3.852(d)(1), gives notice that on-.the— day -of— ■ . - , the Florida-Supreme Court issued its-mandate affirming the death sentence in this ease.
Within 15 days of receipt of-this notice^ ■you-should provide written notice to each law -enforcement-agency involved in this
Within 90 days after receipt--of this notice — you and each law enforcement agency ■inv&lved in this case, should copy, index, ■and deliver to the-records-re-pository o-f-the Secretary of State all -publie-records--ex-cept for those previously -fi-led-in the trial court, which were produced in-the investigation or prosecution of this case.
1 — HEREBY CERTIFY-that-a true and correct copy of the foregoing has been snrvod on - — - [name -of-trifll conrfcj .. [name of state attorney], and .— [name of trial counsel for defendant], this day of , [name and address-of attorney gen-
(ba) Notice to Secretary of Department of Corrections of Affirmancelmpo-sition of Death Penalty.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE TO SECRETARY OF DEPARTMENT OF CORRECTIONS OF AEEIRMANCEIMPOSITION OF DEATH PENALTY AND TO PRODUCE PUBLIC RECORDS TO: _
[name of Secretary of Department of Corrections]
The Attorney-General of the State-of FloridaState Attorney of the_Judicial Circuit of the State of Florida pursuant to Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on the *524 _day of _, _, the Florida Supreme Court issued its mandate- affirming- the death--sentencedefendant in this case was sentenced to death.
Within @660 days after receipt of this notice, you should copy, index, and deliver to the records repository of the Secretary of State all public records determined by your department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3s856-or 3.851 unless the production of such records would be unduly burdensome. Any public records that are the subject of this notice but which are confidential or exempt must be separately contained, without being redacted, sealed and delivered to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida, Records that are exempt under section 119.07(3)(b) or (3)(l), Florida Statutes, must be delivered to the clerk of court in a separate container, the outside of which must specifically identify the section(s) under which they are exempt.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of Secretary of Department of Corrections], _[name of attorney general], and_[name of trial counsel for defendantcollateral counsel] this_day of_,_
[name and address of attorne-y-gen-eraistate attorney ]
(eb) Notice by State Attorney to Law Enforcement Agency of Imposition of Death Penalty.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v.
Defendant.
NOTICE OF AF-FIRMANCEIMPOSITION OF DEATH PENALTY AND TO PRODUCE PUBLIC RECORDS
TO: _ [name of chief law enforcement officer]
The State Attorney of the_Judicial Circuit of the State of Florida, pursuant to Florida Rule of Criminal Procedure 3.852feKIXd)(l), hereby gives notice to _[name of chief law enforcement officer and agency], that was involved in this case by investigation, arrest, prosecution, or incarceration, that on the_day of_, _, the Florida Supreme Court issued its -mandate -affirming the sentenced to death.
Within @660 days after receipt of this notice, you and each law enforcement agency involved in this case should copy, index, and deliver to the records repository of the Secretary of State all public records, except those filed in the trial court, which were produced in the investigation, arrest, prosecution, or incarceration of the defendant in this case. Any public records that are the subject of this notice but which are confidential or exempt must be separately contained, without being redacted, sealed and delivered to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida, Records that are exempt under section 119.67(3)(b) or (3){l), Florida Statutes, must be delivered to the clerk of court in a separate container, the outside of which must specifically identify the section(s) under which they are exempt.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of chief law enforcement officer],_[name of attorney general], and _[name of collateral counsel], this_day of_,_
*525 [name and address of state attorney]
(dc) Notice of Compliance by State Attorney.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY STATE ATTORNEY
TO: _ [name and address of attorney general]
The State Attorney for the_Judicial Circuit gives notice to the Attorney General of compliance by delivery of public records involving — this case to -the- records repository of — the Secretary of State.with Florida Rule of Criminal Procedure 3.852(d)(2)(B) and certifies that, Tto the best of my knowledge and belief, all public records in my possession, except for those previously filed in the trial court which were produced in the investigation or prosecution of the case have been copied, indexed, and delivered to the records repository of the Secretary of State-as-required by Florida Rule of Criminal-Procedure 3.852(e)(2). or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _Lname of attorney general], and _[name of collateral counsel], this_day of_,-[name and address of state attorney]
(ed) Notice of Compliance by the Secretary of the Department of Corrections.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY THE SECRETARY OF THE DEPARTMENT OF CORRECTIONS
TO: _ [name and address of attorney general] The Secretary of the Department of Corrections, having received notice of the affirmanceimposition of the death penalty in this case from the Attorney General State Attorney for the Judicial Circuit on the _day of _, _, hereby gives notice of compliance with Florida Rule of Criminal Procedure 3.852(e)(1) and certifies that, to the best of my knowledge and belief, all public records determined by the Department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851, except for those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the _ Judicial Circuit, in and for _ County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], _[name of state attorney], and _[name of collateral counsel], this_day of_,_ [name and address of Secretary of Department of Corrections]
*526 (fe) Notice of Compliance by Law Enforcement Agency.
In the Circuit Court of the_
Judicial Circuit, in and for __
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY LAW ENFORCEMENT AGENCY
TO: _ [name and address of attorney general] _[name of chief law enforcement officer and agency] that was involved in this case by an investigation, arrest, prosecution, or incarceration, hereby gives notice to the Attorney General of compliance by delivery-of-public records- involving-this-case to the records repository of the Secretary- of Statewith Florida Rule of Criminal Procedure 3.852(e)(2)--! further and certifjdes that, to the best of my knowledge and belief, all public records in possession of this agency or in the possession of any employee of this agency, except for those previously filed in the trial court, which were produced in the investigation or prosecution of the case have been copied, indexed, and delivered to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], _[name of state attorney], and _[name of collateral counsel], this_day of_,_
[name and address of chief law enforcement officer]
(gf) Notice to Attorney General of Person or Agency Having Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
STATE ATTORNEY’S NOTICE TO ATTORNEY GENERAL OF PERSON OR AGENCY HAYING PERTINENT INFORMATION
TO: _ [name and address of attorney general] The undersigned _[name of state attorney] hereby gives notice to the Attorney General of the following name(s) and address(es) of any person or agency having information pertinent to this case in addition to those persons and agencies who previously furnished public records to the records repository of the Secretary of State:
[list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of their duty to deliver all such public records, except for those previously filed in the trial court or furnished to collateral counsel, pertaining to this ease to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], *527 _[name of attorney general], and _[name of public defender or de-fensecollateral counsel], this _ day of [name and address of state attorney]
(hg) Notice to Attorney General of Person or Agency Having Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No-
Division_
State of Florida, Plaintiff, v. Defendant.
TRIAL COUNSEL’S NOTICE TO ATTORNEY GENERAL OF PERSON OR AGENCY HAYING PERTINENT INFORMATION
TO: _ [name and address of attorney general]
The undersigned _[name of public defender or other counsel], for _[name of defendant], hereby gives notice to the Attorney General of the following name(s) and address(es) of persons or agencies in addition-to those previously furnished to collateral- counsel which may have information pertinent to this case in addition to those persons and agencies who previously furnished public records to the records repository of the Secretary of State.
[list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of their duty to deliver all such public records, except for those previously filed in the trial court or furnished to collateral counsel, pertaining to this case to the records repository of the Secretary of State, or if the records are confidential or exempt, to the clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], and _[name of attorney general], and _[name of collateral counsel], this_day of_, 49_ [name and address of trial counsel]
(ih) Notice by Attorney General to Person or Agency Having Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No-
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE BY ATTORNEY GENERAL TO PERSON OR AGENCY HAVING PERTINENT INFORMATION
TO: _ [name and address of person or agency] Pursuant to Florida Rule of Criminal Procedure 3.852(d)(2), the undersigned has been notified by_[name of trial counsel or state attorney), that you have public records pertinent to this case. Pursuant to the provisions of rule 3.852(e)(53), you must:
1. Within 9960 days of receipt of this notice, copy, index, and deliver to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the _ Judicial Circuit, in and for County, Florida all public records in your possession, except for those *528 previously filed in the trial court or furnished to collateral counsel, which are pertinent to this case; and
2. Provide written notice to me that you have complied with these provisions. Records that are exempt under section 119.07(3)(b) or (3)(l), Florida Statutes, must be delivered to the clerk of court in a separate container, the outside of which must specifically identify the section(s) under which they are exempt.
I HEREBY CERTIFY that a true and correct copy of the pleading has been served on _[name of person or agency], and _[name of trial court], _[name of state attorney], and [name of collateral counsel], this_day of_,_ [name and address of attorney general]
(ji) Notice of Compliance by Person or Agency.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY PERSON OR AGENCY
TO: _ [name and address of attorney general]
The undersigned, pursuant to Florida Rule of Criminal Procedure 3.852(e)(t>3), having received notice from the Attorney General on the_day of_,__, to copyrseal, index, and deliver-all-public records in my possession or in the possession of-the undersigned-agency-to the records repository of the Secretary of State, hereby gives notice of compliance to the Attorney General and-farther certifies that all such public records in my possession or in the possession of the undersigned agency pertaining to this case, except for those previously filed in the trial court or furnished to collateral counsel, to the best of my knowledge and belief, have been copied, indexed, and delivered to the records repository of the Secretary of State or, if the records are confidential or exempt, to the Clerk of the Circuit Court of the . Judicial Circuit, in and for County, Florida.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], _[name of state attorney], and _[name of collateral counsel], this_day of_,_ [name and address of person or agency]
(kj ) Defendant’s Demand for Production of Additional Public Records Pertaining to Defendant’s Case.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
DEFENDANT’S DEMAND FOR ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE
TO: _ [name and address of person or agency]
The defendant, by and through undersigned counsel, hereby makes demand of _[name of person or agency submitting public records], pursuant to Florida Rule of Criminal Procedure 3.852(ih), *529 for additional public records pertinent to this case.
1. Undersigned counsel represents that, after a timely and diligent search, the records specifically described below:
(a) are relevant to a pending proceeding pursuant to rule 3.8501 or
(b) appear reasonably calculated to lead to the discovery of admissible evidence; and
(c) have not previously been obtained in discovery or from a previous public records request from either the above-named person or agency or any other; and
(d) are not presently available from the public records repository.
2. The public records requested are as follows:
[list public records requested]
3. [if request includes records associated with particular named individuals, give a brief statement of each named person’s role in the capital case and relationship to the defendant, and the race, sex, and date of birth of each named person, if you have such information]
34. Pursuant to rule 3.852(h), any objection to production, including any claim of exemption, must be filed with the trial court and served upon all counsel of record within @025 days of receipt of this demand, or such objection will be deemed waived.
45. Pursuant to rule 3.852(h), you shall, within 8060 days after receipt of this demand:
(a) copy, index, and deliver to the records repository of the Secretary of State any additional public records in your possession or the possession of your agency which pertain to this case; and
(b) certify that, to the best of your knowledge and belief, all additional public records have been delivered to the records repository of the Secretary of State; andor
(c) recertify that the public records previously delivered are complete if no additional public records are found; and
(d) deliver any public records that you claim are confidential or exempt in a sealed container, without being redacted, to the Clerk of the Circuit Court of the ...Judicial Circuit, in and for ..... County, Florida. [name of attorney for defendant]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of person or agency], _[name of attorney general], and _[name of state attorney], this _day of_,_ [name and address of attorney for defen-dantcollateral counsel]
(Ik) Objection to Defendant’s Request for Production of Additional Public Records Pertaining to Defendant’s Case and Motion for Hearing.
In the Circuit Court of the_
Judicial Circuit, in and for-
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
OBJECTION TO DEFENDANT’S REQUEST FOR PRODUCTION OF ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE AND MOTION FOR HEARING
The undersigned person or agency, having received defendant’s demand for production of additional public records pertaining to defendant’s case on the-day of_,_, hereby files this objection and respectfully moves the court to hold a *530 hearing to determine if the requirements of rule 3.852-=(h)(3) have been met.
The grounds for this objection are:
[state grounds with specificity and identify the records] Respectfully submitted, [name of attorney] Attorney for_ [name of person or agency]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney -for ■■■ defen-daatstate attorney ], and __[name of attorney general], [name of collateral counsel], this day of [name of attorney]
(ml) Notice of Delivery of Exempt Public Records to Records Repository Clerk of Circuit Court.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF DELIVERY OF EXEMPT PUBLIC RECORDS TO RECORDS CUIT COURT
TO: Records Repository The Clerk of the Circuit Court of the Judicial Circuit, in and for County, Florida [address of records — repositoryclerk of court]
The undersigned, _[name of person or agency], hereby gives notice te-the records repository-of-the-Secretary of Stat-e--that -certain- - deliveredthat certain records that are confidential or exempt from the requirements of section 119.07(1), Florida Statutes have been delivered to you. These public records have been separately contained, without being redacted, have been sealed, and the nature of the public records and the legal basis under which the public records are exempt have been identified. Records that are exempt under section 119.07(3)(b) or (3)(l), Florida Statutes, have been delivered to the clerk of court in a separate container, the outside of which specifically identifies the section(s) under which they are exempt.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], __[name of records — repository clerk of court],_____[name of attorney general],_[name of state attorney], and_[name of collateral counsel], this_day of_, . [name and address of person or agency]
(n) Order to Deliver Exempt-Public Reeerds-to the Clerk of Circuit Court.
J-n-the-Circuit Court of the
Judicial Cireu-it-in-and-for
County, Florida Case No. .-.
■Hivtsiori
—Plaintiff, —Defendant.
ORDER TO DELIVER EXEMPT PUBLIC RECORDS
TO: -Records Repository [address -ef-records repository]
*531 This court-having received notice on the fby nf , ■ ■¡■■■that, ear-tain records for which a claim of confidentiality or exemption from disclosur-e has been claimed have been copied, indexed, separately contained --•without being redacted, sealed, identified as to their- nature and the legal basis for their confidentiality or exemption, and-delivered to- the-records repository of the Secretary-of-State, it -is ordered that said records-be-delivered'-to [name of clerk of circuit court,] for further proceedings consistent with Florida — Rule—of—Criminal—Procedure 3.852(f) [name-of-moving part-yj-shall-bear all costs ■associated with tfae-transportation and inspection-of said records by the trial court-
DQNE-A-ND ORDERED-in .= County, Florida,-this .day of Judge-
(o) Notice of Delivery of Exempt Public-Records -to — the Clerk of Circuit Court,
Tn the-Cireuit Court of the.
Judicial Circuit, in and fnr
County, Florida Case No. _ _,
Division
State of Florida^ —Plaintiff? ¥t —Defendant.
NOTICE OF DELI¥ER3POF EXEMPT PUBLIC-RECORDS TO CLERK OF CIRCUIT COURT
[name and address of - -clerk of circuit court]
The Secretary of Stater-by--and through the-undersigned, having received an appropriate court order-pursuant to rule 3.852, hereby gives notice that the sealed con-taineres-)-of exempt public records has/have been shipped to the above-listed clerk of circuit court, — Pursuant-to the provisions of Florida — Rule of Criminal - Procedure 3.852(f)(2) these public records may only be opened for an-inspection by the trial court in camera.
I HEREBY CERTIFY that a true and correct copy of the -foregoing has been served on [name nf trial court], . [name of clerk-of circuit court], [name of attorney general-];-and —[name—of collateral — counsel], this..day of..., ^=r [name of secretary-of-state] [name of representative of secretary of state]
(m) Notice of Affirmance of Death Sentence.
In the Circuit Court of the Judicial Circuit, in and for
County,, Florida
Case No. ...
Division
State of Florida, Plaintiff, v. Defendant.
NOTICE OF AFFIRMANCE OF DEATH SENTENCE.
The Attorney General of the State of Florida pursuant to Florida Rule of Criminal Procedure 3.852(f), gives notice that on the _day of , , the Florida Supreme Court issued its mandate affirming the death sentence in this case.
Florida Rule of Criminal Procedure 3.852(g)(3) requires that, within 30 days after the filing of this notice, records that were delivered to the clerk of court and identified as exempt from public records production under section 119.07(3)(b) or
*532 (3)(Q, Florida Statutes, must be unsealed and forwarded to the records repository.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of collateral counsel], this ., day of__. [name and address of attorney general]